IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-02778-PAB
(Criminal Case No. 14-cr-00423-PAB-1)

UNITED STATES OF AMERICA,

 Plaintiff-Respondent,

v.

1. RYAN APPLEGATE,

 Defendant-Movant.

___

**ORDER DENYING § 2255 MOTION**
___

 Movant, Ryan Applegate, has filed, *pro se*, a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 406] and an Amendment Memorandum to Defendant's Motion § 2255 [Docket No. 408] (collectively "§ 2255 motion"). The United States has responded to the § 2255 motion. Docket No. 410.

 The Court construes Mr. Applegate's filings liberally because he is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the § 2255 motion will be denied.

## I. PROCEDURAL HISTORY

 Mr. Applegate pled guilty to Count 2 of the Superseding Indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) – possession of 500 grams or more of

methamphetamine with intent to distribute. Docket No. 89 at 2; Docket No. 218 at 1. The Court sentenced Mr. Applegate to 168 months imprisonment with five years of supervised release. Docket No. 299 at 2-3. Mr. Applegate did not appeal his conviction or sentence.

Mr. Applegate's § 2255 motion raises four claims. He asserts that (1) his due process rights were violated when he received guideline enhancement § 2D1.1(b)(1) for possession of a firearm; (2) his due process rights were violated when he received guideline enhancement § 2D1.1(b)(5) for importation of drugs from Mexico; (3) his due process rights were violated when he received a guideline enhancement under § 4B1.1 for being a career offender; and (4) his attorney was ineffective because he told Mr. Applegate not to file a direct appeal. Docket No. 406 at 4-8.

## II. ANALYSIS

### A. Plea Agreement Waiver

The United States argues that Mr. Applegate's § 2255 motion is subject to dismissal based on the collateral-attack waiver in his plea agreement. The plea agreement states, in relevant part:

> [The] Defendant knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence or the manner in which it was determined, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the Defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute; (2) there is a claim that the Defendant was denied the effective assistance of counsel; (3) there is a claim of prosecutorial misconduct; or (4) there is a claim challenging the legality of conditions of supervised release. Finally, if the Government appeals the sentence imposed by the Court, the Defendant is released from these waiver provisions.

Docket No. 218 at 2-3.

A collateral-attack waiver in a plea agreement will be enforced if: (1) the collateral attack falls within the scope of the waiver; (2) the defendant's waiver of his collateral rights was knowing and voluntary; and (3) enforcement of the waiver would not result in a miscarriage of justice. *See United States v. Viera,* 674 F.3d 1214, 1217 (10th Cir. 2012) (applying analysis in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), for determining whether a plea agreement waiver of appellate rights is enforceable); *see also United States v. Frazier-LeFear*, No. 16-6128, 665 F. App'x 727, 729 (10th Cir. Dec. 15, 2016) (unpublished) (same).

Mr. Applegate's collateral attacks in claims one through three, which do not allege ineffective assistance of counsel, fall within the scope of his waiver. He does not assert "an explicitly retroactive change in the sentencing guidelines or sentencing statute," and does not contend that there was prosecutorial misconduct. Further, he does not challenge the legality of his conditions of supervised release. Therefore, Mr. Applegate's first three claims fall directly within the scope of his collateral attack waiver. The Court is also satisfied that Mr. Applegate knowingly and voluntarily waived his collateral attack rights. At the change of plea hearing on September 11, 2015, the Court asked Mr. Applegate whether he had read his plea agreement and had an opportunity to ask his attorney any questions he had about it. He answered yes to both questions. More specifically, the Court read the collateral attack waiver to Mr. Applegate and asked him whether he had an opportunity to talk to his attorney about the waiver and whether he believed he understood that aspect of his waiver of appellate rights. Mr. Applegate answered yes. As a result, at the hearing, the Court found that

Mr. Applegate understood each and every term of his plea agreement and knowingly and voluntary entered a plea of guilty.

Finally, enforcing Mr. Applegate's collateral attack waiver will not result in a miscarriage of justice, which occurs in the habeas context when a constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Selsor v. Kaiser*, 22 F.3d 1029, 1034 (10th Cir. 1994) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Mr. Applegate does not allege he is actually innocent of the crime of which he was convicted. For these reasons, Mr. Applegate's collateral attack waiver is enforceable and his first three claims are barred.

### B. <u>Ineffective Assistance of Counsel Claim</u>

In his fourth claim, Mr. Applegate argues that his counsel was ineffective for advising him to not file a direct appeal. Docket No. 406 at 8. Because this claim does not fall within the scope of Mr. Applegate's collateral attack waiver, the Court will address its merits.

To show ineffective assistance of counsel, a movant must show that counsel's performance "fell below an objective standard of reasonableness" and that the movant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Prejudice is demonstrated by a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Mr. Applegate does not indicate whether he allegedly received counsel's advice not to appeal before or after his change of plea or his sentencing. He does state that

4

he did not file a direct appeal because he "was under advisement of [his] attorney not to." Docket No. 406 at 3. In his plea agreement, however, Mr. Applegate waived his right to direct appeal:

> [T]he Defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided for in the statute of conviction or by this plea agreement, (2) the Court, after determining the otherwise applicable sentencing guideline rage, either departs or varies upwardly, or (3) the Court sentences the Defendant to a sentence greater than the stipulated sentence of 168 months imprisonment, no fine, 5 years of supervised release, and no restitution. Except as provided above, the Defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on the grounds set forth under 18 U.S.C. § 3742.

Docket No. 218 at 2. None of the exceptions referred to in this paragraph of his appellate waiver applies to this appeal. Mr. Applegate does not identify any other exception to his waiver of the right to file a direct appeal of his conviction. Nevertheless, he argues that he was not "represented adequately by being told not to direct appeal." Docket No. 406 at 8. However, given that Mr. Applegate knowingly and voluntarily waived his right to a direct appeal through his plea agreement, it cannot be ineffective assistance for his attorney to tell him that his plea agreement contained such a waiver. *Cf. United States v. Shaw*, 292 F. App'x 728, 733-34 (10th Cir. 2008) (unpublished) (O'Brien, J., concurring) (defendant's sole basis for ineffective assistance of counsel claim was counsel's failure to file appeal, which right to appeal defendant had waived, and thus defendant's claim was barred by his waiver of direct appeal); *United States v. Davis*, 218 F. App'x 782, 784 (10th Cir. 2007) (unpublished) (claim of ineffective assistance of counsel based on counsel's failure to file notice of appeal

5

barred by defendant's waiver of direct appeal). Here, Mr. Applegate makes no claim that he instructed his attorney to file an appeal and that his attorney failed to do so. Rather, the sole basis for Mr. Applegate's claim is that his attorney advised him not to file an appeal.

The Court finds that Mr. Applegate was otherwise informed of his appellate rights. At Mr. Applegate's sentencing hearing on December 11, 2015, the Court advised Mr. Applegate of his right to appeal and suggested, given his waiver of certain appellate rights in his plea agreement, that he should either consult his attorney or his plea agreement if he had any questions on what appellate rights he still had. The Court's instructions to Mr. Applegate were sufficiently clear so as to fully apprise him of his appellate rights. Accordingly, Mr. Applegate cannot demonstrate that, but for counsel's advice not to file an appeal, there is a reasonable probability that the result of the proceeding would have been different. *See Barraza v. United States*, 2013 WL 1187100, at *2 (W.D. Tex. Mar. 21, 2013) (movant failed to demonstrate prejudice resulting from counsel's advisement not to appeal after guilty plea when the court informed movant of his right to appeal and movant made no allegation that counsel ignored an instruction to appeal); *cf. United States v. Benitez*, 2014 WL 4352057, at *9 (N.D. Okla. Sept. 2, 2014) (the fact that "defendant pleaded guilty, that defendant's plea agreement contained an expansive appellate waiver," and that the defendant was informed by the court that, subject to the waiver, he may have a right to appeal his sentence weighed against a finding of ineffective assistance of counsel for failure to consult about appeal).

Moreover, Mr. Applegate's claims of ineffective assistance of counsel are

contrary to his statements under oath at his plea hearing. "[S]tatements on the record, 'as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). At his plea hearing, Mr. Applegate stated that he had an opportunity to ask his attorney questions about his plea agreement and that his attorney answered the questions to Mr. Applegate's satisfaction. He stated he was satisfied with his counsel's representation and had no complaints or criticisms about her performance. Further, Mr. Applegate confirmed that he understood that, if he chose to go to trial, he would have a right to appeal the verdict and sentence and, by pleading guilty, he was waiving his right to appeal.

Finally, Mr. Applegate also seems to raise an ineffective assistance of counsel claim in his first claim, "assert[ing] a 6th Amendment violation" based on his attorney's failure to "address" the inclusion in the presentence investigation report of guideline enhancement § 2D1.1(b)(1). Docket No. 406 at 4. To the extent Mr. Applegate claims his attorney failed to object to the inclusion of this sentencing enhancement, counsel did object. Docket No. 256 at 14 (objecting to Mr. Applegate being held accountable for firearms seized from his home "that were never charged, are not the subject of his conviction, and are otherwise unconnected to the offense of conviction" because the firearms "are not relevant conduct for the offense of conviction and are not appropriately part of this sentencing proceeding.").

Mr. Applegate has not pled or demonstrated that counsel's performance "fell below an objective standard of reasonableness" and that he was prejudiced thereby.

7

*Strickland*, 466 U.S. at 687-88. Mr. Applegate's remaining ineffective assistance of counsel claim does not warrant relief under § 2255.

The Court concludes that each of Mr. Applegate's claims in his § 2255 petition must be dismissed.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

### III.  ORDERS

For the reasons discussed above, it is

**ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 406], filed by Ryan Applegate, is **DENIED**.  It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is DENIED.

DATED May 9, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge